**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Elias, | ) No. CIV 04-2820-PHX-MHM (LOA) |
| Petitioner, | ) **ORDER** |
| vs. | ) |
| Ernest Trujillo, Warden, | ) |
| Respondent. | ) |

Petitioner Marco Antonio Elias ("Petitioner") filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1).  The matter was referred to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. Following Respondent's Answer, Magistrate Judge Anderson filed his Report and Recommendation with this Court. (Dkt. #12).  Petitioner has not filed an objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The Court must review the Magistrate Judge's legal analysis in the Report and Recommendation de novo if objection is made but not otherwise.  United States v. Reyna-Tapia, 328 F. 3d 1114, 1121 (9th Cir. 2003) (en banc);  see 28 U.S.C. § 636(b)(1)(C) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F. 3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case. In 2001, the State of Arizona charged Petitioner with second-degree murder, a class one felony. (Respondent's Answer, Exhibit A).   Petitioner pled not guilty and the case proceeded to a jury trial.  The jury convicted Petitioner of second-degree murder.  On April 19, 2002, the court sentenced him to twenty-one years in prison.  (Id., Exhibit B at 74).  On May 14, 2002, Petitioner filed a notice of appeal.  (Id. at 78).  The Arizona Court of Appeals dismissed the appeal because the appeal was filed more than twenty days after the entry of judgment and sentencing.  Petitioner then filed a petition for post-conviction relief under Rule 32.1(f) of the Arizona Rules of Criminal Procedure requesting leave to filed a delayed notice of appeal. (Id. at 88).  The trial court granted the relief requested, and Petitioner filed a notice of appeal on September 19, 2002. (Id. at 89, 92).   Petitioner's counsel found no meritorious issue to argue on appeal and, instead, filed an Anders[1] brief. (Id., Exhibit C).  Petitioner subsequently filed a pro se supplemental brief, raising the following claims: (1) the State violated the Petitioner's Miranda[2] rights when obtaining his confession ; (2) a key witness misconstrued Petitoner's description of the incident.  (Id., Exhibits A at ¶9, D).  The Arizona Court of Appeals denied Petitioner's appeal on July 22, 2003. (Id., Exhibit A).  Petitioner did not seek review in the Arizona Supreme Court.  Petitioner then filed a notice of post-conviction relief but failed to timely file the petition.  (Id., Exhibit I).

Thereafter, Petitioner filed the pending petition for writ of habeas corpus. (Dkt. #1). Petitioner asserts the following grounds of relief: (1) his Fifth Amendment rights were violated because the investigator coerced his statements; (2) his Fourth Amendment rights were violated when a witness made false statements while testifying at a preliminary hearing; (3) his Sixth Amendment rights were violated when the state improperly used expert testimony; and (4) his Sixth Amendment rights were violated because trial counsel provided

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

1   ineffective assistance.  In reviewing Petitioner's claim for relief, Magistrate Anderson

2   concludes that Petitioner states no claim for relief.  Petitioner offers no objections.

3   **A.  Claim One, Petitioner's Fifth Amendment Claim, Lacks Merit**

4   Petitioner asserts that his Miranda rights were violated because the investigating

5   detective coerced Petitioner into a confession.  Miranda held that prior to a custodial

6   interrogation an individual must be notified that he as the right to an attorney.  The

7   individual's desire for an attorney must be sufficiently clear that a reasonable police officer

8   in the circumstances would understand the statement to be a request.  Davis v. United States,

9   512 U.S. 452, 459 (1994).  Once the individual asserts the right to an attorney, further

10  interrogation must stop "unless the accused himself initiates further communication,

11  exchanges, or conversations with police."  Edwards v. Arizona, 451 U.S. 477, 484–85

12  (1981).  Edwards does not hold that any "initiation" of conversation alone suffices to

13  establish a waiver of the right to counsel.  Oregon v. Bradshaw, 462 U.S. 1039, 1045–46

14  (1983).  Instead, the totality of the circumstances must show that the accused made a

15  knowing and intelligent waiver of his right by initiating the conversation with his

16  interrogators.  Id. (holding that an accused's question, "Well, what is going to happen to me

17  now?," expressed a willingness and desire for a generalized discussion about the investigation).

18  Police coercion, either physical or psychological, negates the voluntariness of an accused's

19  confession because such coercion overbears the suspect's will.  United States v. Leon

20  Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988) (citing Haynes v. Washington, 373 U.S. 503,

21  513–14 (1963)); Henry v. Kernan, 197 F.3d, 1021, 1026 (9th Cir. 1999).

22  Petitioner has no merit to his Miranda violation claim.  First, Petitioner suffered no

23  prejudice, even though  Sergeant Ybarra continued to speak to him after Petitioner clearly

24  invoked his right to counsel, because Petitioner made no incriminating statements between

25  the time he requested a lawyer and when Ybarra concluded the interview . (Respondent's

26  Answer, Exhibit B, Attachment A at 4–6).  The state court's decision that no incriminating

27  statements were made and that the Petitioner's Miranda rights were not violated is neither an

28

unreasonable application of federal law nor an unreasonable determination of the facts.  See Garvin v. Farmon, 80 F. Supp. 2d 1082, 1084–99 (N.D.Ca. 1999) (demonstrating that, even in cases where a Petitioner made "a powerful case of coercion and involuntariness", AEDPA requires a deferential review of the lower court's decision).

Second, Petitioner's claim that his confession was coerced when Sergeant Ybarra told the Petitioner that he would be charged with first-degree murder is groundless.  The trial court and Arizona Court of Appeals held that the Petitioner evinced a desire for discussion, thus satisfying the waiver requirements of Bradshaw and Edwards.  The facts of the present case are very similar to the circumstances in Bradshaw.  462 U.S. at 1041–42, 1046 (showing that the police informed the defendant his Miranda rights, the defendant invoked his right to counsel during interrogation, and the defendant asked about his status, and then told the police about his involvement in the crime).   Like Bradshaw, the Petitioner in this case was arrested, informed of his Miranda rights, interrogated by the police, and the police terminated the interrogation when the Petitioner invoked his right to counsel. (Respondent's Answer, Exhibit B, Attachment C at 42–50).   Like Bradshaw, Petitioner asked what was going to happen to him.  When Sergeant Ybarra responded that Petitioner would be charged with first degree murder, Petitioner declared that he wanted to tell his side of the story. (Respondent's Answer, Exhibit B, Attachment C at 28).  Petitioner then made incriminating statements. (Id. at 6–31).  Petitioner was not coerced into making these statements.

Third, Petitioner's suggestion that this Court expand the record to include information that was not presented in state court is improper.  Specifically, Petitioner contends that the state court records do not accurately reflect Sergeant Ybarra's coercive conduct when Ybarra promised to lower charges filed against Petitioner if Petitioner cooperated with the investigation.  An evidentiary hearing to admit facts not considered in state court is not appropriate here because: (1) these allegations regarding Petitioner's conversation with Ybarra were available and discoverable at the time of trial; (2) Petitioner cannot demonstrate by clear and convincing evidence that but for constitutional error no reasonable fact-finder

1   would have found Petitioner guilty of the underlying offense. <u>See</u> 28 U.S.C. § 2254(e)(2).

2   Regardless, speculation that cooperation will benefit the defendant is not sufficiently

3   compelling to overbear a defendant's will such that his waiver is not knowing and intelligent.

4   <u>Leon Guerrero</u>, 847 F.2d at 1366.

5       Petitioner has not shown that the decisions of the trial court or the Arizona Court of

6   Appeals were either contrary to or an unreasonable application of established constitutional

7   law or that the decisions were based on an unreasonable determination of the facts in light

8   of the evidence presented in the state court proceeding.

9       **B.  Claims Two, Three, and Four Were Not Exhausted in State Courts and the**

10      **Claims are Procedurally Barred**

11      Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's

12  application for habeas relief, the prisoner must have exhausted his remedies in state court.

13  <u>See also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991).  Petitioner did not exhaust his

14  state remedies because he did not fairly present claims two, three, and four to the state courts

15  before filing his petition for habeas corpus.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 27 (2004)

16  (stating that a petitioner must alert the state court to the federal nature of the claim); <u>Lyons</u>

17  <u>v. Crawford</u>, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2001)

18  (holding that fair presentation requires the petitioner make explicit the federal basis of the

19  claim and cite supporting law).

20      Likewise, Petitioner has procedurally defaulted his claims because of his failure to

21  exhaust his federal claims in state court.  <u>Cassett v. Steward</u>, 406 F.3d 614, 621 n.5 (9th Cir.

22  2005); <u>see also</u> <u>Teague v. Lane</u>, 489 U.S. 288, 297–99 (1989) (stating that under state court's

23  procedural rules the procedural default arises because a return to state court to exhaust the

24  claim would be futile).  Under the Arizona Rules of Criminal Procedure,  Petitioner is

25  precluded from seeking further state review because the filing deadline has expired.  Ariz.

26  R. Crim. P. 32.4(a) (stating that a prisoner must file a notice for petition of post-conviction

27  relief "within ninety days after the entry of judgment and sentence or within thirty days after

28

1    the issuance of the order and mandate in direct appeal, whichever is later."). Additionally,

2    none of these claims fall within any of the narrow exceptions to the timely filing requirement.

3    See Ariz. R. Crim. P. 32.1(d)-(h).

4        Petitioner has also failed to demonstrate why his procedurally barred claims still

5    warrant a federal habeas review. Petitioner has not demonstrated: (1) cause for the default

6    and actual prejudice suffered; or (2) that the failure to review the claims would result in a

7    fundamental miscarriage of justice. Coleman, 501 U.S. at 724;  Wainwright v. Sykes, 433

8    U.S. 72, 87 (1977). Petitioner does not explain why claims two and three were not raised

9    before the Arizona Court of Appeals, although such claims were presented in similar

10   arguments to the Arizona Court of Appeals in his *pro per* supplemental brief. With respect

11   to claim four, ineffective assistance of counsel is not the cause for the procedural defaults

12   because the court-appointed counsel filed a delayed notice of appeal, which afforded

13   Petitioner an opportunity to his claims. See Murray v. Carrier, 477 U.S. at 488 (holding that

14   attorney error short of ineffective assistance of counsel is not cause for procedural default).

15   The fact that the Arizona Court of Appeals rejected Petitioner's claims is not tantamount to

16   ineffective assistance of counsel. In any case, while Petitioner has not demonstrated cause

17   and prejudice to overcome the procedural default, Petitioner's ineffective assistance of counsel

18   claim still fails the Strickland test because Petitioner cannot show that counsel's performance

19   was both deficient and prejudicial.  See Strickland v. Washington, 466 U.S. 668, 686–93

20   (1984) (outlining the two-prong test to determine ineffective assistance of counsel).

21       Likewise, Petitioner has failed to demonstrate that a fundamental miscarriage of

22   justice has resulted from a constitutional violation, resulting in the conviction of an innocent

23   person. Casey v. Moore, 386 F.3d 896, 921 (9th Cir. 2004). Petitioner has not provided any

24   "colorable showing of factual innocence" to supplement his constitutional claim. See Herrera

25   v. Collins, 506 U.S. 390, 404 (1993) (holding that the "fundamental miscarriage of justice"

26   exception to procedural defaults applies only where a prisoner provides evidence of actual

27   innocence). Instead, Petitioner's arguments rest solely on facts already in the record.

28

Having reviewed the Report and Recommendation of Magistrate Judge Anderson, and for the reasons set forth above, the Court hereby incorporates and adopts the Magistrate's Report and Recommendation.

**Accordingly,**

**IT IS HEREBY ORDERED** the Court adopts the Report and Recommendation of Magistrate Judge Anderson; (Dkt. #12).

**IT IS FURTHER ORDERED** denying Petitioner's writ of habeas corpus pursuant to 28 U.S.C § 2254. (Dkt. #1).

DATED this 30th day of September, 2006.

_____
Mary H. Murguia
United States District Judge